THE SULTAN *v.* THREE THOUSAND EMPTY OIL BARRELS.[*]

*(District Court, E. D. Pennsylvania. January 30, 1883.)*

LIBEL FOR FREIGHT—BILL OF LADING—CONSTRUCTION OF—CUSTOM OF PORT—BURDEN OF PROOF.

> The burden of proof rests upon a respondent setting up a custom to return and deliver at Chester oil barrels, which, under a bill of lading, stipulating to deliver the same at the port of Philadelphia, had been carried beyond Chester to the city of Philadelphia, and such custom has not been shown to have existed at the date of this contract.
>
> Whether such custom now exists, not decided

Admiralty. Libel, answer, and proofs.

On August 20, 1881, 7,061 empty petroleum barrels were shipped on the Sultan, the bill of lading stipulating that the same should be delivered at the port of Philadelphia, at a wharf to be selected by the consignees. The Chester Oil Company was established in March, 1881, and a large proportion of the barrels afterwards consigned to the port of Philadelphia were discharged at Chester. The Sultan arrived at the city of Philadelphia on the twentieth of September, 1881, and was requested by Witthof, Marsily & Co. to go back and discharge at Chester. This the master refused, and thereupon discharged at Cathrall's wharf, Philadelphia, and filed this libel for $818.76 freight, attaching 3,000 barrels. The respondent claimed that one-third of the oil business of the port was done at Chester, and it was a custom of the port to discharge at that place. The libelant contended that a custom of five months was not sufficient to affect this contract; that up to January, 1883, 176 vessels had discharged at Chester, and of

---

*Reported by Albert B. Guilbert, Esq., of the Philadelphia bar.

these the respondent had produced only 22 bills of lading not containing a "Chester clause;" only three vessels had returned to Chester after arriving at the city of Philadelphia, and to these towage expenses had been paid, while no instance was shown where a vessel had returned without towage expenses, which the libelant had offered to receive.

*Charles Gibbons, Jr.,* for libelant.

*J. W. Coulston* and *Alfred Driver,* for respondent.

BUTLER, J. The defense is not sustained. Upon arrival of the cargo at Philadelphia, where the charter required it brought, the respondent ordered it back to Chester, several miles below, claiming a right to do so under the contract. Conceding Chester to be without the limits of Philadelphia, the respondent sets up a custom, which he says requires it to be treated as within, where the particular commerce to which this contract relates is involved. Without entering upon a discussion of the subject it is sufficient to say that no such custom existed at the date of this contract,—whether one exists now need not be considered. What is necessary to the establishment of such a custom is well understood; the burden of proof is on the party setting it up. In the case under consideration the proof is insufficient. That many outward-bound vessels, under contract to carry oil from Philadelphia, had, within two or three months preceding the date of this charter, loaded at Chester, and inward-bound vessels loaded with oil, or oil casks, had unloaded there, is unimportant. In each instance Chester was directly on the way, and a request so to load or unload tended to the carrier's relief, and would, therefore, be favorably received. No instance is shown of a vessel carrying her cargo back to Chester, under such a contract. The opinions of witnesses cited are of no value.

The libel is sustained, and a decree will be entered accordingly.